STATE OF MISSOURI, Respondent, v. STOCK et al.,
Appellants.

St. Louis Court of Appeals, March 21, 1905.

**APPELLATE PRACTICE: Reviewing Record.** In a prosecution for assault and battery, where the information was not challenged and no instructions were asked or given on the trial, there is nothing for the appellate court to review except to ascertain whether or not there was sufficient evidence to support the verdict.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Willis H. Clark,* Judge.

AFFIRMED.

*Morton Jourdon* for appellant.

*Charles P. Williams* for respondent.

BLAND, P. J.—Defendants were charged, by information filed in the Court of Criminal Correction, city of St. Louis, with unlawfully and violently assaulting and beating Jas. W. Murphy, in the city of St. Louis, on April 16, 1901. Defendants pleaded not guilty to the information, and the issues were, by agreement of parties, submitted to the court sitting as a jury. After hearing the evidence the court found both defendants guilty and rendered judgment against them for the fines respectively assessed. Defendants in due time perfected their appeal to this court. Neither abstracts of the record or briefs have been furnished us by appellants. The information was not challenged in the court below and is in approved form. No instructions were asked or given on the trial. There is, therefore, nothing before us for review except to ascertain whether or not there was evidence sufficient to support the verdict of the court.

The evidence shows that defendants were respectively the conductor and motorman in charge of the car of the St. Louis Transit Company, upon which Murphy, the prosecuting witness, was a passenger, and that the difficulty arose on account of the refusal of the conductor to give Murphy a transfer ticket, on the ground that Murphy did not ask for it until sometime after he had paid his fare.

Murphy's testimony tends to show that when he asked for the transfer, the conductor used insulting language to him, and as he was in the act of getting off the car, the conductor undertook to shove him off; that he got into a scuffle with the conductor and while this scuffle was going on the conductor struck him with his fist, and the motorman ran from the front of the car to the rear platform (where the scuffle was going on) with the controller in his hand and struck plaintiff over the head with it, cutting a gash in his head that required three stitches to close. Murphy also testified that he did not begin the controversy with the conductor, did not strike him at any time and did not touch him until the conductor grabbed hold of him to shove him off the car.

The defendant's evidence tends to show that Murphy raised the row and began the fight by striking the conductor with his fist while on the back platform, knocking him down.

It was for the trier of the facts to evolve the truth from the entangled condition of the evidence and his verdict must stand, there being sufficient evidence to substantiate the charge in the information.

The judgment is affirmed. All concur.